IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MATTHEW RAY HANKINS,                  )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )        Case No. CIV-16-295-D
                                      )
TOWN OF LAHOMA, *et al.*,             )
                                      )
                    Defendants.       )

## O R D E R

Before the Court is Defendants Stephanie Spomer, Lila Logan-Jansonius, Stephen

Cahoon, and Kenneth Hansen's Motion to Dismiss [Doc. No. 14], filed pursuant to Fed. R.

Civ. P. 12(b)(6). These four defendants are individual members of the board of trustees of

the Town of Lahoma (the "Town"), and refer to themselves collectively as the Individual

Lahoma Defendants. They seek dismissal of all claims asserted against them personally by

Plaintiff, the Town's former chief of police. They contend the First Amended Complaint

contains insufficient factual allegations to state a claim of, and to overcome a qualified

immunity defense to: 1) retaliation under 42 U.S.C. § 1983, as asserted in Plaintiff's Sixth

Cause of Action; 2) violation of Oklahoma's Open Meeting Act, Okla. Stat. tit. 25, § 305,

as asserted in Plaintiff's Eighth and Ninth Causes of Action; and 3) conspiracy to violate

constitutional rights, as asserted in Plaintiff's Eleventh Cause of Action.[1]

---

[1] Defendants also ask the Court to decline supplemental jurisdiction over Plaintiff's state law claims. This assertion is apparently made as an alternative to dismissal of these claims for lack of merit.

The Individual Lahoma Defendants also contend the First Amended Complaint fails to state a § 1983 claim of violating Plaintiff's right to procedural due process in the termination of his employment. This claim is asserted as Plaintiff's First Cause of Action solely against the Town and its mayor, Defendant Theresa Sharp. *See* First Am. Compl. [Doc. No. 5], p.7 & ¶ 63. Further, Plaintiff responds to the Motion by stating he "withdraws his Fourteenth Amendment Due-Process claim." *See* Pl.'s Resp. Br. [Doc. No. 19], p.3. Thus, no issue is presented for decision with respect to this claim. In all other respects, Plaintiff has timely opposed the Motion, which is fully briefed.[2]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the complaint, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679; *see Robbins*, 519 F.3d at 1248.

---

[2] Defendants have filed a reply brief [Doc. No. 21] as authorized by LCvR7.1(i).

In § 1983 cases, it is particularly important for a complaint "to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis omitted); *see Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

Where a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011)). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012) (internal quotation omitted).

### Plaintiff's Allegations[3]

Plaintiff seeks to recover damages and to be reinstated to his former position as the Town's chief of police. Plaintiff assumed this position on August 10, 2015, after having served the Town as a reserve police officer since July 13, 2014. The First Amended Complaint describes events involving the mayor's husband and his friend, Defendant Brian Hamen, which began with an incident on October 31, 2015, and caused Plaintiff to testify

---

[3] Pursuant to the standard of decision, Plaintiff's factual allegations are accepted as true and stated in the light most favorable to him.

against Mr. Hamen in a civil proceeding on March 9, 2016. As a result of this testimony, Mr. Hamen submitted to Mayor Sharp a resident complaint form regarding Plaintiff and his performance as police chief. The complaint allegedly contained false allegations that Mayor Sharp knew were false and that Mr. Hamen made maliciously due to Plaintiff's testimony.

The Town unexpectedly terminated Plaintiff's employment at a monthly meeting held on March 14, 2016, even though an item for discussion at the meeting was a pay raise. Plaintiff's raise had been discussed at the February meeting but tabled due to budgetary constraints; the only criticism of his performance at that time was "he was issuing a lot of speeding tickets to locals." *See* First Am. Compl. [Doc. No. 5], ¶ 27. A reasonable inference to be drawn from the allegations of Plaintiff's pleading is that "the monthly town meetings" (*id*. ¶¶ 22, 39), and a special meeting on April 4, 2016, were meetings of the Town's governing body, its board of trustees.[4] The Individual Lahoma Defendants and the mayor, Defendant Theresa Sharp, constitute the Town's board of trustees.

Plaintiff filed suit against the Town, Mayor Sharp, and Mr. Hamen on March 28, 2016. Plaintiff initially claimed that the Town and Mayor Sharp violated his constitutional right to procedural due process in the termination of his employment, that these defendants fired him in retaliation for his response to the event involving Mayor Sharp's husband and

---

[4] Although not alleged in Plaintiff's pleading, the parties agree the Town has a "statutory town board of trustees form of government" under Okla. Stat. tit. 11, § 12-101 to § 12-114. *See* Defs.' Mot. Dismiss [Doc. No. 14], pp.3-4. Under this form, all powers of the Town are vested in the board of trustees, including appointment and removal of the chief of police. *See* Okla. Stat. tit. 11, § 12-106 and § 12-111. The Court may properly take judicial notice of this fact, and consider it under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

his testimony against Mr. Hamen, and that he was wrongfully terminated in violation of the Town's employment policies. Plaintiff also asserted a defamation claim against Mr. Hamen, and a conspiracy against him and Mayor Sharp.

Plaintiff filed his First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) on April 7, 2016. In addition to suing the Individual Lahoma Defendants, Plaintiff added allegations that on March 31, 2016, the Town posted notice of a special meeting to be held April 4, 2016. At the April 4 meeting, "the Town of Lahoma voted in executive session to ratify the decision made on March 14, 2016, to terminate Police Chief Hankins" but "did not publicly announce the way that each board member voted." *See* First Am. Compl. [Doc. No. 5], ¶¶ 51-52. Plaintiff also added an allegation that the March 14 decision to terminate his employment was made when "the Town of Lahoma voted in executive session." *Id*. ¶ 42.

## Discussion

### A. Civil Rights Claim Under Section 1983

Plaintiff asserts as his Sixth Cause of Action a claim against all Defendants that the April 4 decision "to ratify the previous termination of the Plaintiff was in direct retaliation for the filing of this lawsuit." *Id*. ¶ 97. Although the legal basis of this claim is not identified in Plaintiff's pleading, he argues in his brief that the allegations of the First Amended Complaint "are sufficient to state a plausible claim for relief against [the Individual Lahoma Defendants] under 42 U.S.C. § 1983, for their individual voting to terminate Plaintiff's employment in retaliation for Plaintiff having exercised rights that are protected under the First Amendment." *See* Pl.'s Resp. Br. [Doc. No. 19], p.5; *see also id*. p.7. Plaintiff

admittedly does not know how the Individual Lahoma Defendants voted, but he asserts "each of [them] was individually involved in the decision to terminate Plaintiff's employment" and the decision to ratify the termination. *Id*. pp.8-9. He contends the initial termination decision was motivated by retaliation for his testimony against Mr. Hamen in the civil proceeding. *See id*. pp.3-4, 7, 11, 14-15.

To establish a § 1983 claim against an individual asserting the defense of qualified immunity, a plaintiff must show facts that "make out a violation of a constitutional right" and demonstrate that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is well established that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see Connick v. Myers*, 461 U.S. 138, 147 (1983); *Pickering v. Bd. of Educ*., 391 U.S. 563, 568 (1968). A First Amendment retaliation claim is governed by the "familiar *Garcetti/Pickering* analysis." *Trant v. Okla.*, 754 F.3d 1158, 1165 (10th Cir. 2014); *see Seifert v. Unified Gov't of Wyandotte Cty./Kansas City*, 779 F.3d 1141, 1151 (10th Cir. 2015); *Morris v. City of Colo. Springs*, 666 F.3d 654, 661 (10th Cir. 2012).

This test comprises five elements:

(1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse

employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

The first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury.

*Trant*, 754 F.3d at 1165 (internal quotation omitted); *see Seifert*, 779 F.3d at 1151; *Morris*, 666 F.3d at 661; *Rohrbough v. Univ. of Colo. Hosp. Auth.*, 596 F.3d 741, 745 (10th Cir. 2010). This same analysis applies when a public employee claims his employer took adverse action as punishment for filing a civil rights lawsuit. *See Fields v. City of Tulsa*, 753 F.3d 1000, 1013-14 (10th Cir. 2014). In this case, the Individual Lahoma Defendants focus on the fourth element, and challenge whether the First Amended Complaint contains sufficient factual allegations to suggest their actions were motivated by Plaintiff's speech. *See* Defs.' Mot. Dism. [Doc. No. 14], p.10; Defs.' Reply Br. [Doc. No. 21], pp.4-5, 7.[5]

Accepting the factual allegations of the First Amended Complaint as true, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged the essential elements of a First Amendment retaliation claim. Plaintiff's alleged speech – his truthful testimony at a court hearing in another person's civil proceeding, and

---

[5] A different test applies if a retaliation claim is asserted against a person who was not the plaintiff's employer. "[C]laims against non-employers must satisfy three elements: '(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'" *Trant*, 754 F.3d at 1169-70 (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). The Individual Lahoma Defendants make a cursory, undeveloped argument that Plaintiff's claim also does not satisfy this test. *See* Defs.' Reply Br. [Doc. No. 21], p.6. But they challenge only whether Plaintiff's factual allegations are sufficient to establish an element common to both tests, that is, an intent to retaliate. Thus, the Court need not decide at this point whether the *Garcetti/Pickering* test or the *Worrell* test governs Plaintiff's claim against the Individual Lahoma Defendants.

his filing of this civil rights lawsuit – did not fall within his official duties as the Town's police chief and arguably addressed matters of public concern.[6] The alleged retaliatory acts of the Individual Lahoma Defendants are their participation in the adverse employment actions taken at the March 14 and April 4 meetings; a reasonable inference to be drawn from Plaintiff's factual allegations is that the Individual Lahoma Defendants participated in the executive sessions and votes by which the Town terminated Plaintiff's employment. The Individual Lahoma Defendants do not assert that any interests of the Town outweighed Plaintiff's free speech interests, nor that they would have reached the same decision regarding his employment in the absence of protected conduct. Thus, the question presented is whether Plaintiff has sufficiently alleged that the Individual Lahoma Defendants were motivated by his protected speech in deciding to end his employment as the police chief.

---

[6] "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *See Connick*, 461 U.S. at 147-148. "Speech is a matter of public concern if it is of interest to the community, and we focus on the motive of the speaker and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest." *Trant*, 754 F.3d at 1165 (internal quotations and citations omitted); *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1205 (10th Cir. 2007). "[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." *See City of San Diego v. Roe*, 543 U.S. 77, 83-84 (2004); *Deutsch v. Jordan*, 618 F.3d 1093, 1099-1100 (10th Cir. 2010).

Regarding Plaintiff's hearing testimony, the First Amended Complaint is not entirely clear about its nature and substance. However, there are minimally sufficient allegations, viewed most favorably to Plaintiff, to permit a conclusion that Plaintiff testified on behalf of another individual regarding a matter of public concern within the community, not merely a personal grievance or private dispute. Plaintiff alleges he testified on behalf of a woman who was seeking a victim's protection order against Mr. Hamen due to past violence, and that Plaintiff's testimony concerned broader issues of importance to the community, such as Ku Klux Klan activities in which Mr. Hamen was involved. Regarding this lawsuit, it is unclear whether it originally involved a matter of public concern. *See Fields*, 753 F.3d at 1014-15 (observing that "public concern" lawsuit usually involves whistle blowing). Absent any argument to the contrary by the Individual Lahoma Defendants, however, the Court assumes that Plaintiff was engaged in speech protected by the First Amendment when he testified at the hearing and filed this civil rights case.

To establish this element, "the employee must show that his speech was a substantial factor or a motivating factor in a detrimental employment decision." *Trant*, 754 F.3d at 1166 (internal quotation omitted); *see Holub v. Gdowski*, 802 F.3d 1149, 1154 (10th Cir. 2015). In the context of summary judgment, the court of appeals has explained the analysis as follows:

> [S]ome facts must demonstrate the defendants acted on the basis of a culpable subjective state of mind to satisfy the [fourth] step. If the defendant's intent in urging adverse action against the employee is not retaliatory (e.g., if the defendant identifies legitimate problems with employee's qualifications or performance) or if the defendant's conduct did not cause the adverse action, then the defendant may successfully defend the retaliation claim. And temporal proximity between the protected speech and the alleged retaliatory conduct, without more, does not allow for an inference of a retaliatory motive.

*Trant*, 754 F.3d at 1170 (internal quotations and citations omitted).[7] Here, however, the Individual Lahoma Defendants challenge the sufficiency of a pleading, and the question is whether the First Amended Complaint contains sufficient facts to provide fair notice of the basis of Plaintiff's claim against them.

Construing the First Amended Complaint most favorably to Plaintiff, he alleges both temporal proximity and additional facts connecting his protected speech and the adverse employment decisions in which the Individual Lahoma Defendants participated. Plaintiff alleges facts to show there was no legitimate, non-retaliatory reason for the termination decision. Plaintiff describes a conversation with Mayor Sharp (a voting member of the board of trustees) at the time of the termination decision that directly tied his hearing testimony to

_____

[7] In this passage, the Tenth Circuit was discussing the *Worrell* test and, thus, the "third step" of the analysis.

the decision.  *See* First Am. Compl. [Doc. No. 5], ¶¶ 44-46.  He alleges the special meeting of the board of trustees regarding his employment was called within three days after this lawsuit was filed.  Plaintiff also alleges the filing of this lawsuit generated media publicity that was personally embarrassing to Mayor Sharp and the Individual Lahoma Defendants. *Id*. ¶ 110.  The timing of events – particularly a short time between protected conduct and adverse action – "supports an inference of retaliatory motive."  *Seifert*, 779 F.3d at 1158. Without intimating any view of the merits of Plaintiff's retaliation claim, the Court finds a reasonable inference could be drawn from the alleged facts that the Individual Lahoma Defendants acted with a retaliatory intent.

Therefore, reviewing Plaintiff's pleading under Rule 12(b)(6), the Court finds that the First Amended Complaint sufficiently states a First Amendment retaliation claim.

## 2.    Qualified Immunity

The Court must also consider whether Plaintiff's allegations are sufficient to overcome the defense of qualified immunity.  The Individual Lahoma Defendants argue that Plaintiff has failed to identify "relevant cases that show [they] violated clearly established constitutional law" under the alleged circumstances of this case.  *See* Defs.' Reply Br. [Doc. No. 21], p.7.  The Court disagrees.  Plaintiff cites *Seifert*, decided in February 2015, which established "that testimony by a law-enforcement officer about matters observed while on duty could be protected by the First Amendment."  *Seifert*, 779 F.3d at 1159 (following *Lane v. Franks*, 134 S. Ct. 2369 (2014)).  *See* Pl.'s Resp. Br. [Doc. No. 19], pp.13-14.  Similarly, filing a civil rights lawsuit could be protected by the First Amendment at the time of

Plaintiff's termination if the elements of the *Garcetti/Pickering* test were satisfied. *See Fields*, 753 F.3d at 1013-14.

Accepting the factual allegations of the First Amended Complaint as true and viewing them in the light most favorable to Plaintiff, as discussed *supra*, the Court finds that Plaintiff has alleged conduct that would violate First Amendment rights that were clearly established in March 2016. At this early stage of the case, the Individual Lahoma Defendants are not entitled to qualified immunity from individual liability for the § 1983 retaliation claim stated in the First Amended Complaint.

For these reasons, the Court finds that Plaintiff has stated a plausible § 1983 retaliation claim against the Individual Lahoma Defendants.

## B.    Civil Rights Conspiracy

To state a conspiracy claim, a plaintiff must "allege specific facts showing agreement and concerted action among [the co-conspirators]. 'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989)); *see Brooks v. Gaenzle*, 614 3d 1213,1228 (10th Cir. 2010); *Tonkovich v. Kans. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). One requirement of a civil rights conspiracy is that the "actors share a common, unconstitutional goal." *See Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000).

The allegations of the First Amended Complaint provide no facts from which to infer the existence of an agreement among the Individual Lahoma Defendants, the Town, and

Mayor Sharp to retaliate against Plaintiff for protected speech, as asserted in the Eleventh Cause of Action. There are also insufficient facts to show they acted together as part of a common plan to achieve an unconstitutional goal. Read most favorably to him, Plaintiff's pleading suggests the Individual Lahoma Defendants acted on information supplied by Mayor Sharp and media reports in voting to terminate his employment, but he makes only conclusory allegations that they "all conspired" and "conspired together." *See* First Am. Compl. [Doc. No. 5], ¶¶ 111, 113. Such allegations are insufficient.

Therefore, the First Amended Complaint fails to state a § 1983 conspiracy claim against the Individual Lahoma Defendants, and this claim must be dismissed.

**C.    State Law Claims for Violating the Open Meeting Act**

The Individual Lahoma Defendants challenge the state law claims against them for violating the requirement of the Open Meeting Act that the votes of members of public bodies "must be publicly cast and recorded." *See* Okla. Stat. tit. 25, § 305. The Individual Lahoma Defendants contend Plaintiff lacks an available remedy under the Act, and focusing on Plaintiff's prayer for damages, they assert "the remedies for an alleged violation of the Open Meeting Act . . . do not provide for the recovery of civil damages." *See* Defs. Mot. Dismiss [Doc. No. 14], pp. 11-12.

In response, Plaintiff points to the provisions of § 314(B)(1) and (2) that authorize a civil suit for declaratory or injunctive relief and the recovery of attorney fees, and to the mandate of § 313 that "[a]ny action taken in willful violation of this act shall be invalid." Plaintiff contends these provisions would permit a declaratory judgment that his termination

was invalid, and an injunction directing the Individual Lahoma Defendants "to reinstate his employment with the Town and to compensate him for the wages and benefits that he lost as a result of their violation of the Act." *See* Pl.'s Resp. Br. [Doc. No. 19], p.16.[8]

In addressing issues of state law, the Court is guided by Oklahoma court decisions. Although the supreme court has not directly addressed the issue, the Oklahoma Court of Civil Appeals has squarely held that a private right of action exists to enforce the Open Meeting Act and to remedy violations. *See Rabin v. Bartlesville Redevelopment Trust Auth.*, 308 P.3d 191, 194-95 (Okla. Civ. App. 2013). In *Rabin*, private citizens sued a public trust and its trustees in their official capacities for improperly entering into an executive session during a public meeting. The remedies approved in *Rabin* for cases where decisions were made in executive session and no public votes were recorded are those provided by statute: "making public the minutes of an improperly-held executive session and invalidating actions taken at same." *Id*. at 195 (discussing Okla. Stat. tit. 25, § 307(F) and § 313). The Court finds the court of appeals' decision to be persuasive authority.

An additional issue not present in *Rabin* is raised here, namely, whether individual board members are proper defendants on such a claim. A federal district court applying Oklahoma law has determined that the proper defendant is the public body or members of its governing board in their official capacities; individual officials who "have no authority to provide or effectuate the only two available remedies – namely, invalidation of the

---

[8] Plaintiff also argues other state law theories of tort recovery that are not alleged in the First Amended Complaint and, therefore, are disregarded for purposes of this Order. Notably, any tort claims would be subject to the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172.

allegedly wrongful action or making the executive session minute public" – are not proper parties to a claim for injunctive relief for an alleged violation of the Open Meeting Act. *See Kiefner v. Sullivan*, No. 13-CV-714-TCK-FHM, 2014 WL 2197812 (N.D. Okla. May 27, 2014). Further, it is settled that "[r]einstatement of employment is a form of prospective equitable relief that is within the doctrine of *Ex parte Young*" authorizing official-capacity suits against state officials. *See Meiners v. Univ. of Kans.*, 359 F.3d 1222, 1232-33 (10th Cir. 2004).

In this case, the Individual Lahoma Defendants are members of the Town's board of trustees, but any relief from the alleged statutory violation of failing to publish their votes regarding Plaintiff's termination would be effectuated by the Town or by members of the board of trustees acting collectively in their official capacities. Only the Town and its officials can make public the minutes or records of the board of trustees' executive sessions at past meetings, or re-employ Plaintiff as the Town's chief of police. Thus, the Court finds that Plaintiff's claims under the Open Meeting Act cannot be brought against the Individual Lahoma Defendants in their individual capacities.

Therefore, the Court finds that the First Amended Complaint fails to state a claim under the Open Meeting Act that can be asserted against the Individual Lahoma Defendants.

## Conclusion

For these reasons, the Court finds that the First Amended Complaint sufficiently states a § 1983 retaliation claim against the Individual Lahoma Defendants but they are entitled to

dismissal of all other claims. The Court further finds that Plaintiff need not be granted leave to amend his pleading at this time.[9]

IT IS THEREFORE ORDERED that Defendants Stephanie Spomer, Lila Logan-Jansonius, Stephen Cahoon, and Kenneth Hansen's Motion to Dismiss [Doc. No. 14] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 27th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[9] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep'' of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989). Further, a plaintiff making "such a request 'must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment.'" *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (quoting *Calderon*, 181 F.3d at 1186-87). The scheduling order to be entered pursuant to Fed. R. Civ. P. 16(b)(1) will establish a deadline for motions to add parties and amend pleadings.